**No. 25-1974**

================================================================

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

_____

# UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

# CONRAD ROCKENHAUS,

*Defendant/Appellant.*

_____

# ON APPEAL FROM THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

_____

# BRIEF OF APPELLANT ROCKENHAUS

_____

================================================================

JOSEPH MEDICI
Federal Public Defender

Kaycee L. Berente
Attorney for Appellant
10 W. Broad St.
Suite 1020
Columbus OH 43215
(614) 469-2999
Kaycee_berente@fd.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT REGARDING ORAL ARGUMENT ...............................1

STATEMENT OF THE ISSUE..................................................................2

STATEMENT OF THE CASE....................................................................3

SUMMARY OF THE ARGUMENT .....................................................10

    I.   MR. ROCKENHAUS' SENTENCE IS SUBSTANTIVELY
        UNREASONABLE ......................................................................11

CERTIFICATE OF COMPLIANCE.......................................................17


CERTIFICATE OF SERVICE

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

# TABLE OF AUTHORITIES

## Cases

*United States v. Boucher,* 937 F.3d 702, 707 (6th Cir. 2019)...................................14

*United States v. Morris,* 71 F.4th 475, 485 (6th Cir. 2023)....................................14

*United States v. Santiago*, 139 F.4th 570, 575 (6th Cir. 2025) ...............................11

*United States v. Sears,* 32 F.4th 569, 573 (6th Cir. 2022)......................................11

*United States v. Virges,* 491 F. App'x 723, 724 (6th Cir. 2012)..............................14

## Statutes

18 U.S.C. § 3621(b)(4)............................................................................15

18 U.S.C. 3553(a) .......................................................................... 14, 15

USSG § 7C1.3, comment. (n.2) ..............................................................14

## JURISDICTIONAL STATEMENT

This appeal follows the judgment entered by the district court on October 20, 2025, revoking Mr. Rockenhaus' term of supervised release and imposing a sentence of six months incarceration. (R.27, Judgment Page ID # 86-89) A timely notice of appeal was filed on October 24, 2025. (R.28, Notice of Appeal Page ID # 90-91) This Court has jurisdiction to review the matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT REGARDING ORAL ARGUMENT

This case raises one issue which is fully set forth in the brief. Therefore, counsel submits that oral argument is unnecessary.

Respectfully requested,

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant

## STATEMENT OF THE ISSUE

1. The district court's custodial sentence was substantively unreasonable. The court arbitrarily selected a sentence of six months incarceration and did not properly consider the risk further incarceration would have on Mr. Rockenhaus' physical and mental health.

## STATEMENT OF THE CASE

On September 6, 2022, Mr. Rockenhaus was sentenced in the Eastern District of Texas, to 40 months of incarceration and three years of supervised release after pleading guilty to intentional damage to a protected computer pursuant to 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i). (R.1-1, Transfer of Jurisdiction Page ID # 2-4) Mr. Rockenhaus began his three-year period of supervision on October 5, 2022. (R.3, Violation Report Page ID # 38) Shortly after, Mr. Rockenhaus sold his home in Texas, with around $53,000 of those proceeds going directly towards his restitution and moved to Michigan. (R.43, Sentencing Page ID # 205) The Eastern District of Michigan accepted transfer of jurisdiction over Mr. Rockenhaus' supervision on December 28, 2023. (R.2, Order Accepting Transfer of Jurisdiction Page ID # 10)

At the end of April 2025, a violation report was filed with the district court alleging that Mr. Rockenhaus had violated several conditions of his supervision. (R.3, Violation Report Page ID # 38-42) The report alleged that Mr. Rockenhaus had:

(1) admitted to using wax that contained Marijuana after submitting a positive urine screen for the substance in November 2024 in violation of mandatory condition # 3;

(2) failed to make monthly restitution payments in violation of mandatory condition # 4;

(3) violated standard condition # 2 by failing to report to probation as instructed and did not stay in contact with his probation officer from January 23, 2025 – March 19, 2025[1];

(4) opened seven new lines of credit without permission in violation of special condition # 2;

(5) And was found in possession of an unauthorized Apple iPhone during a home visit in November 2024 in violation of special condition # 7.

(Page ID # 40-42)

On May 13, 2025, a violation hearing was held concerning the Grade C violations. The district court acknowledged that Mr. Rockenhaus had not committed any additional criminal conduct and did not believe "a huge sentence" was necessary. (R.40, Supervised Release Violation Hearing Page ID # 150) The parties also did not believe a sentence of incarceration was necessary when Mr. Rockenhaus' term of supervision was set to expire by October 4, 2025. (R.3, Violation Report Page ID # 38) The parties had agreed to delay sentencing for 120 days to allow time for Mr. Rockenhaus to come into compliance with his

---

[1] Ms. Rockenhaus informed probation on February 20, 2025, that Mr. Rockenhaus had been admitted to the VA hospital for treatment during this time.

4

supervision. (R.40, Supervised Release Violation Hearing Page ID # 150) Mr.
Rockenhaus accepted responsibility for the violations and pled guilty. (Page ID #
153) The district court took the plea under advisement and planned to set
sentencing for a date closer to October 4, 2025. (Page ID # 154) As long as the
court did not hear anything as to Mr. Rockenhaus' case, the court planned to
sentence him to a day in custody, credit for time served, and no additional
supervised release. (*Id.*)

On August 20, 2025, a probation officer filed a petition to revoke Mr.
Rockenhaus' bond. (R.12, Petition to Revoke Bond Page ID # 57-59) The petition
alleged that Mr. Rockenhaus had:

(1) failed to pay restitution as directed and that the two payments made were
rendered invalid (bounced payments);

(2) tested positive for Marijuana on August 13, 2025;

(3) used an Apple iPhone and Apple watch without approval (both seized on
August 13, 2025);

(4) attempted to tamper or circumvent the monitoring of an electronic device
(his wife admitted to remotely erasing all data from the Apple iPhone);

(5) and failed to follow instructions of the probation officer by not updating
the officer with any new contact information/ phone numbers.

(Page ID # 57-58) The district court ordered the issuance of a warrant, (Page ID # 59), and Mr. Rockenhaus was arrested on September 4, 2025. (R.20, Arrest Warrant Page ID # 68) During the bond violation hearing on the same day, Mr. Rockenhaus "suffered some sort of medical event" and was transported by EMS to receive medical treatment. (*See* R.19, Public Audio File of Bond Violation Hearing Part 2 at 0:00:27) The following day, the district court revoked bond. (R.17, Order Revoking Bond Page ID # 65)

On October 2, 2025, Mr. Rockenhaus' counsel filed a motion to withdraw due to a breakdown of the attorney-client relationship, (R.23) which was granted the next day. (R.25) CJA counsel was appointed, and a status conference was held on October 7, 2025. After reviewing the history of the case, the court adjourned proceedings until the following week to allow appointed counsel some time on the matter. (R.41, Status Conference Page ID # 167)

One week later, what was supposed to be a sentencing hearing was converted into a status conference. (R.42, Status Conference Page ID # 180) First, the court determined the allegations outlined in the August petition had resulted in the arrest and detention of Mr. Rockenhaus, and therefore, that petition had been fully discharged. (Page ID # 172) Second, the court brought some related matters to the attention of the parties. The court recognized that a civil suit had been filed by Mr. Rockenhaus' wife against several probation officers in the district based on

6

events related to this case. (Page ID # 174-75) The district court announced that it would not preside over such matters. (*Id.*) Additionally, the court recently received a judicial compliant filed against him in the Sixth Circuit by Ms. Rockenhaus. (Page ID # 175) The court admitted that he was unlikely to respond to the complaint but noted that it was currently pending, filed by the wife of Mr. Rockenhaus based on decisions made in this matter. (Page ID # 176) The district court was troubled because Ms. Rockenhaus had also sent a letter to the court regarding her husband's sentencing. (*Id.*)

Defense counsel stated that Mr. Rockenhaus had not filed any of the civil matters and that he wanted to take responsibility for his actions and move forward. (R.42, Status Conference Page ID # 177-178) The government believed the court could render a fair judgment in the matter and deferred decision on how to proceed with the court. (Page ID # 179) As a matter of caution, the district court adjourned the hearing to consult with the Administrative Office of the U.S. Courts ("AO") to determine how to proceed. (Page ID # 180)

Sentencing was rescheduled for October 17, 2025. During the hearing, the court acknowledged that he had consulted with AO's General Counsel, conducted research, and recognized that neither side had questioned the court's impartiality or moved for recusal. (R.43, Sentencing Page ID # 185-186) Although both Mr. and Ms. Rockenhaus had filed civil suits against U.S. probation officers involved in

this matter, the court had not looked at the pleadings, had no connection to the officers outside of a professional relationship, and had recused himself from those civil proceedings. (Page ID # 186-188)

The court also reviewed the pending judicial misconduct complaint filed by Ms. Rockenhaus against him. (Page # 187) The court reasoned that he had not looked at the substance of the complaint nor had he received any direct complaint from Mr. Rockenhaus or any of his attorneys. (Page ID # 188) Relying on Advisory Opinion # 103 of the Judicial Conference Committee on Codes of Conduct, the district court determined that a complaint filed by a family member of a defendant is "too attenuated to create a situation where my impartiality might be reasonably questioned…" (Page ID # 189) And since Mr. Rockenhaus did not file the complaint, the court did not find it necessary to wait for an outcome on the matter. (Page ID # 190) The court would not consider the outside filings and would give "appropriate weight" to the letter received from Ms. Rockenhaus regarding sentencing. (Page ID # 189)

Neither party objected to the court's findings and wished to proceed with sentencing. (R.43, Sentencing Page ID # 190-191) With Grade C violations and a criminal history category of III, Mr. Rockenhaus' advisory guidelines range was 5-11 months. (Page ID # 191) Defense counsel asked the court to consider Mr. Rockenhaus' over 12 years of decorated service in the Navy and his honorable

8

discharge due to an IED explosion in Afghanistan that has left him 100% disabled with a seizure disorder. (Page ID # 193-194) The disorder was recently triggered during his arrest for the bond violations. (Page ID # 193) Mr. Rockenhaus suffers from a lot of trauma and counsel asked the court to consider counseling in its decision. (Page ID # 194-195) Defense counsel also noted that Mr. Rockenhaus had already spent a few difficult months in custody, partly because he had spoken out against the culture of terror and assault perpetuated against the gay and trans community at the Milan Detention Center. (Page ID # 195-196) Counsel worried that Mr. Rockenhaus was facing retaliation based on his whistleblowing. (Page ID # 196-197)

Mr. Rockenhaus again accepted responsibility for his actions. (Page ID # 197) The government asked for a custodial sentence at or near the top of the guidelines range and no further term of supervision. (Page ID # 204) The district court determined that Mr. Rockenhaus was "unsupervisable" and revoked his term of supervised release without any new term imposed. (Page ID # 207) The court determined six months of incarceration was enough "to say you've done wrong, you've caused a lot of trouble, but we understand that there's a big issue here." (Page ID # 208) No objections were lodged from either party.

## SUMMARY OF THE ARGUMENT

### I.

Although the district court imposed a within-guideline sentence, the court did so arbitrarily and without giving enough weight to Mr. Rockenhaus' physical and mental well-being, which would be harmed by further incarceration. Accordingly, this Court should vacate the substantively unreasonable sentence.

**ARGUMENT**

## I. MR. ROCKENHAUS' SENTENCE IS SUBSTANTIVELY UNREASONABLE

The district court's custodial sentence of six months was arbitrarily imposed and the court failed to properly assess the impact further incarceration would have on Mr. Rockenhaus' physical and mental well-being for technical violations of supervised release.

### Standard of Review

This Court reviews the reasonableness of a sentence for an abuse of discretion. *United States v. Santiago*, 139 F.4th 570, 575 (6th Cir. 2025).

"A sentence is substantively reasonable when the length of the sentence conforms with the goals of § 3553(a) to impose a sentence that is sufficient but not greater than necessary to serve the purposes of sentencing." *United States v. Sears,* 32 F.4th 569, 573 (6th Cir. 2022). When determining whether a sentence is substantively unreasonable, or too long, this Court considers whether the district court selected a sentence "arbitrarily, base[d] the sentence on impermissible factors, or g[ave] an unreasonable amount of weight to any pertinent factor." *Id.* at 575. And when the district court imposes a within-Guidelines sentence, this Court presumes the sentence was reasonable. *Id.* at 573.

Although the district court imposed a within-Guidelines sentence, the court did so arbitrarily and without giving enough weight to the unique circumstances of

Mr. Rockenhaus' physical and mental well-being. A custodial sentence of six months was greater than necessary to address technical violations of supervision for an individual who had quickly accepted responsibility for his actions, (R.40, Supervised Release Violation Hearing Page ID # 153), and had demonstrated a risk of harm to his physical and mental health from further incarceration. (R.43, Sentencing Page ID # 193-197)

Mr. Rockenhaus is a 100% disabled veteran who suffers from a seizure disorder and a lot of trauma. (Page ID # 194) He was receiving treatment for his mental well-being around the time of the events that led to the initial violation report in April 2025. (R.3, Violation Report Page ID # 40-41) Mr. Rockenhaus quickly took accountability for the technical violations alleged in the report and pled guilty.

A few months later, a bond revocation petition was filed against him alleging several more technical violations in August 2025. (R.12) Following the petition, an arrest warrant was executed for Mr. Rockenhaus on September 4, 2025. On this same day, the record shows that during his bond violation hearing, Mr. Rockenhaus had suffered a "medical event" that required EMS transportation for medical treatment. (R.19, Public Audio File of Bond Violation Hearing Part 2 at 0:00:27) Mr. Rockenhaus' bond was revoked the next day. By the time of sentencing, Mr. Rockenhaus had been in custody for 43 days.

On top of Mr. Rockenhaus suffering from a medical and psychological condition, likely exacerbated by his arrest and detention, the court learned that Mr. Rockenhaus was likely experiencing retaliation at the detention center based on his whistleblowing. (R.43, Sentencing Page ID #196-197) Thus, his physical and mental well-being were further at risk by continued incarceration, at least within the same facility.

The court had originally planned to sentence Mr. Rockenhaus to one-day incarceration with time served and no supervised release to follow based on the Grade C violations he pled guilty to in May. (R.40, Supervised Release Violation Hearing Page ID # 154) The court acknowledged Mr. Rockenhaus was not being sentenced for the conduct alleged in the August petition, and so the six months of incarceration was based on the same conduct the court originally believed one-day of incarceration would be sufficient to address the noncompliance with. (R.42, Status Conference Page ID # 172) Thus, the court imposed a sentence much greater than necessary and did so by selecting the number of months arbitrarily.

The court recognized Mr. Rockenhaus' offense of conviction was non-violent, the violations of supervised release were not criminal and relatively minor, and Mr. Rockenhaus was "in a position where medically and psychologically," it was difficult for him to "overcome [his] disability diagnosis…" following completion of his prison sentence. (R.43, Sentencing Page ID # 207) Therefore, the

court's primary reason for imposing the six months of incarceration was for the "lengthy period of non-compliance." (*Id.*); *see United States v. Boucher,* 937 F.3d 702, 707 (6th Cir. 2019) ("If 'the court placed too much weight on some of the § 3553(a) factors and too little on others,' the sentence is substantively unreasonable regardless of whether the court checked every procedural box before imposing sentence.") (internal citations omitted).

The court gave too much weight to this factor and did not explain why Mr. Rockenhaus' difficult 43 days in custody was not sufficient to address the non-compliance, nor did the court consider alternatives to incarceration such as home detention or alternative community confinement. *See* 18 U.S.C. 3553(a)(4); USSG § 7C1.3, comment. (n.2); *see also United States v. Virges,* 491 F. App'x 723, 724 (6th Cir. 2012) (the district court "explicitly considered and rejected alternatives to imposing [a] term of incarceration" for an individual who had resisted the help he was given on release). This was an abuse of discretion when considering the viable claims of retaliation that Mr. Rockenhaus would be subjected to in custody in addition to his physical and mental health concerns. *See United States v. Morris,* 71 F.4th 475, 485 (6th Cir. 2023) (despite a highly deferential review, this Court determined "the district court improperly weighed the § 3553(a) factors by placing considerable weight on a couple of factors and no weight on several other factors.").

At a minimum, the district court abused its discretion by failing to recommend that Mr. Rockenhaus be removed from the facility that was likely to retaliate against him and had caused the disabled veteran a difficult 42 days. *See* 18 U.S.C. § 3621(b)(4). Along these same lines, the court abused its discretion by not recommending that Mr. Rockenhaus be placed in a federal medical center where his medical needs could be adequately addressed. *Id.*; *see also* 18 U.S.C. § 3553(a)(2)(D). As such, this Court should vacate Mr. Rockenhaus' sentence.

## CONCLUSION

For all these reasons, Mr. Rockenhaus respectfully requests that this Court vacate his sentence and remand the case for further proceedings consistent with the arguments made herein.

Respectfully Submitted,

JOSEPH MEDICI
Federal Public Defender

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant
Office of the Federal Public Defender
Southern District of Ohio
10 W. Broad St.
Suite 1020
Columbus OH 43215
(614) 469-2999
Kaycee_berente@fd.org

**CERTIFICATE OF COMPLIANCE**

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the above brief contain 2,818 words in Times New Roman (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Corinne M. Lambert

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant

## DESINGATION OF RELEVANT DISTRICT COURT DOCUMENTS

In accordance with 6 Cir. R. 30, Appellant hereby designates as "Relevant District Court Documents" the following documents filed in the district court and available via that court's electronic CM/ECF system:

| District Court Docket Number | Page ID # | Description of Document |
|---|---|---|
| 1-1 | 2-4 | Transfer of Jurisdiction |
| 2 | 10 | Order Accepting Transfer of Jurisdiction |
| 3 | 38-42 | Violation Report |
| 12 | 57-59 | Petition to Revoke Bond |
| 17 | 65 | Order Revoking Bond |
| 19 | -- | Public Audio File of Bond Violation Hearing |
| 20 | 68 | Arrest Warrant |
| 23 | 76-80 | Motion to Withdraw as Attorney |
| 25 | 83-84 | Order Granting Motion to Withdraw |
| 27 | 86-89 | Judgment |
| 28 | 90-91 | Notice of Appeal |
| 40 | 150-154 | Supervised Release Violation Hearing |
| 41 | 167 | Status Conference |
| 42 | 172-180 | Status Conference |

| 43 | 186-208 | Sentencing |
|---|---|---|