## No. 25-1974

---

In the United States Court of Appeals
for the Sixth Circuit

————————

# United States of America,

Plaintiff - Appellee

v.

# Conrad Rockenhaus,

Defendant - Appellant.

————————

On Appeal from the United States District Court
for the Eastern District of Michigan
No. 23-cr-20701 (Hon. Stephen Joseph Murphy, III)

————————

## Brief for the United States

————————

Jerome F. Gorgon Jr.
United States Attorney

Corinne M. Lambert
Special Assistant U.S. Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

# Table of Contents

Table of Authorities...................................................................................ii

Oral Argument Is Unnecessary ............................................................ iii

Issue Presented ........................................................................................1

Statement of the Case ..............................................................................2

      A.    Rockenhaus is convicted of a serious computer crime. ..........2

      B.    Rockenhaus repeatedly violates the terms of his
             supervised release. ................................................................3

      C.    Rockenhaus admits to the violations but is arrested and
             detained pending sentencing for continued
             non-compliance...........................................................................4

      D.    Rockenhaus receives a within-guidelines sentence of six
             months in custody. ................................................................6

Summary of the Argument ....................................................................10

Argument..................................................................................................11

     The district court acted within its discretion in imposing a
     sentence within the guidelines. ....................................................11

Conclusion ..............................................................................................16

Certificate of Service .............................................................................17

Relevant District Court Documents.......................................................18

i

# Table of Authorities

## Cases

*Gall v. United States*, 552 U.S. 38 (2007) ................................................ 11

*United States v. Adkins*, 729 F.3d 559 (6th Cir. 2013) ........................... 12

*United States v. Conatser*, 514 F.3d 508 (6th Cir. 2008) ........................ 12

*United States v. Epps*, 655 F. App'x 444 (6th Cir. 2016) ........................ 11

*United States v. Gale*, 468 F.3d 929 (6th Cir. 2006) ............................... 15

*United States v. Kontrol*, 554 F.3d 1089 (6th Cir. 2009) ........................ 11

*United States v. Price*, 901 F.3d 746 (6th Cir. 2018) .............................. 12

*United States v. Rayyan*, 885 F.3d 436 (6th Cir. 2018) .......................... 11

## Statutes

18 U.S.C. § 3553(a) ............................................................................ 11, 12

18 U.S.C. § 3663 .......................................................................................2

18 U.S.C. § 3663A ....................................................................................2

## Rules

Fed. R. App. P. 34(a)(2)(C) .................................................................... iii

## U.S. Sentencing Guidelines

U.S.S.G. § 7B1.4 ..................................................................................... 12

# Oral Argument Is Unnecessary

This is a one-issue sentencing appeal with a short record. The issues raised in this appeal are adequately presented in the briefs. Therefore "the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C).

# Issue Presented

Did the district court act within its discretion in imposing a within-guidelines sentence?

# Statement of the Case

## A.    Rockenhaus is convicted of a serious computer crime.

Conrad Rockenhaus was convicted of causing Intentional Damage to a Protected Computer in the Eastern District of Texas and sentenced to 40 months of imprisonment, followed by a 3-year term of supervised release. (R.1-1: Judgment, 2–4). The relevant conditions of Rockenhaus's supervised release are:

- Refrain from any unlawful use of a controlled substance;

- Make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution;

- Report to the probation officer as instructed;

- Refrain from incurring new credit charges or opening new lines of credit without the approval of the probation officer; and

- Do not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office.

(*Id*. at 4–7). Rockenhaus was also ordered to pay restitution in the amount of $564,633.00. (*Id*. at 8–9).

2

**B.    Rockenhaus repeatedly violates the terms of his supervised release.**

The United States District Court for the Eastern District of Michigan accepted transfer of jurisdiction of this matter in December 2023. (R.2: Order Accepting Transfer, 10). On April 29, 2025, the United States Probation Office filed a violation report and a petition for an arrest warrant against Rockenhaus, alleging violations beginning in January 2024:

- Violation #1: Rockenhaus tested positive for marijuana on November 19, 2024, and admitted to using wax containing marijuana;

- Violation #2: Rockenhaus failed to make monthly restitution payments as ordered, his last payment being made on December 1, 2023;

- Violation #3: Rockenhaus failed to report and respond to the probation officer's attempts to contact him on numerous occasions from January through April 2025. Phone calls, text messages, voicemails, emails, and attempted home visits all went unanswered.  At one point, the probation officer was informed that the defendant was in the hospital, seemingly as a reason for his non-responsiveness.  However, the hospital had no records related to the defendant during that time.

- Violation #4: Rockenhaus opened seven new lines of credit without approval of the probation officer;

- Violation #5: Rockenhaus possessed and had been using an unauthorized cellular device for personal use that he had not reported to the Probation Department.

3

(R.3: Violation Report, 38–42). As a result, Rockenhaus was deemed an absconder and arrested on a warrant. (*Id*. at 41–42).

## C. Rockenhaus admits to the violations but is arrested and detained pending sentencing for continued non-compliance.

In May, Rockenhaus appeared before the court and admitted to the aforementioned violations. (R.40: SRV Hearing Tr., 153).  The court commented that "[i]t doesn't seem like . . . a huge sentence is in order" and "getting things back on track might be the first step we could take." (*Id*. at 150). At that time, the government, the probation department, the defense, and the court all agreed to adjourn the sentencing to give Rockenhaus a chance to come into compliance with the terms of his supervision. (*Id*. at 150–54). The court adjourned the sentencing to September and stated that if it didn't hear anything from Rockenhaus until then, the sentence would be one day in custody, credit for time served, and release from supervision. (*Id*. at 154).

On August 20, 2025, the probation department filed a petition for the cancellation of bond and issuance of an arrest warrant based on additional non-compliant conduct allegedly committed by Rockenhaus, including:

- A continued failure to pay restitution;

- Testing positive for marijuana on August 13, 2025;

- Unauthorized use of an Apple iPhone and Apple Watch without the approval of the Probation Department, which the probation officer seized during a home visit on August 13, 2025;

- Attempted tampering with or circumventing of the monitoring of an electronic device. Specifically, Rockenhaus's wife stated that she remotely erased the information and data on the seized iPhone. Rockenhaus denied instructing his wife to do so; and

- Failure to provide the probation officer with updated contact information as directed. The petition provides that the probation officer attempted to contact Rockenhaus via phone numerous times between August 6 and 13, 2025, to no avail. When the officer made contact with Rockenhaus at his residence on August 13, Rockenhaus claimed that his phone and contact number were out of service because his phone was inoperable and that he had no other device to contact the officer. The seized iPhone and Apple Watch were capable of making cellular calls.

(R.12: Petition, 57–58). The court ordered the issuance of an arrest warrant, and Rockenhaus was arrested on September 4, 2025. (*Id.* at 58.) The court revoked Rockenhaus's bond the next day and reset the sentencing hearing for October 7. (R. 17: Order Revoking Bond, 65).

Rockenhaus's attorney moved to withdraw prior to sentencing. (R.23: Motion to Withdraw, 76–80). The court granted the motion, informed the parties that it would conduct a hearing as scheduled to

5

determine the status of Rockenhaus's representation, and appointed the

Federal Community Defender. (R.25: Order Granting Motion to

Withdraw, 83–84; R.26: Appointment Order, 85). New counsel appeared

on Rockenhaus's behalf on October 6, 2025.

## D.    Rockenhaus receives a within-guidelines sentence of six months in custody.

At the October 7 hearing, the district court discussed the

chronology of the case, the supervised release violations to which

Rockenhaus pleaded guilty, and the recent petitioned conduct. (R.41:

Oct. 7 Status Conf. Tr., 159–63). The court generally described the

violations as "serious," and "troubling" and the multiple failures to

report as "important"; it also noted Rockenhaus's long record of non-

compliance with the terms of his supervised release multiple times. (*Id.*

at 160, 162, 164). The court then adjourned sentencing for a week to

allow new defense counsel time to acclimate to the case.  (*Id*. at 167).

At the October 14 hearing, the district court confirmed with the

parties that the violations for which Rockenhaus was to be sentenced

were those to which he pleaded guilty in May, not the additional actions

of non-compliance recited in the August petition.  (R.42: Oct. 14 Status

Conf. Tr, 171–72). The judge then noted that Rockenhaus's wife had filed a civil case against the probation officers in this matter, filed a judicial complaint against him in this Court, and submitted a letter to the court asking for consideration for Rockenhaus at sentencing. (*Id*. at 174–76). The court noted its ethical concerns about moving forward and adjourned the sentencing hearing to resolve those concerns. (*Id*. at 178–80).

The parties finally appeared for sentencing on October 17. (R.43: Sentencing Tr., 183–211). First, the district court addressed the submissions submitted by Rockenhaus's wife and explained that he did not think that his recusal was warranted. (*Id*. 185–91).  The court then noted that it had already given a lengthy overview of the case and the violations in previous hearings, and that the guideline range was 5 to 11 months based on the Grade C violations and Rockenhaus's Criminal History Category of III.  (*Id*. at 191).

Next, defense counsel spoke on behalf of Rockenhaus regarding his history, characteristics, and demeanor. (R.43: Sentencing Tr., 191–97). Counsel described Rockenhaus's military service and his disabling seizure disorder and suggested that Rockenhaus suffers a lot of trauma,

and might benefit from counseling. (*Id.* at 193–95.) Counsel also added that Rockenhaus had been speaking out about the treatment of the gay and trans community at the prison, for which counsel stated that "[t]here may or may not be retaliation." (*Id.* at 195–97).

The government highlighted certain aspects of the record, including Rockenhaus's supervised release violations, the petitioned conduct that resulted in the revocation of his bond, and his long history of non-compliance with court orders dating back to 2011, which included multiple instances of failure to appear in state court and failure to comply with the terms of his pretrial supervision in this case. (R.43: Sentencing Tr., 198–203). The government discussed Rockenhaus's failure to pay restitution despite reporting stable employment with his wife's company and receiving almost $7,000 per month in disability benefits from the United States Department of Veterans Affairs and the Social Security Administration. (*Id.* at 199–200). The government also discussed the importance of specific deterrence, emphasizing the repetitive and continuous nature of Rockenhaus's violations and the fact that Rockenhaus received a second chance to come into compliance and avoid any further proceedings but

8

breached the court's trust instead, proving himself to be incorrigible and unsupervisable. (*Id*. at 203). The government asked for a custodial sentence at or near the top of the guideline range with no further supervision. (*Id*. at 204).

In imposing the sentence, the district court acknowledged the parties' summaries of the sentencing factors as accurate. (R.43: Sentencing Tr., 206). It expressed gratitude for Rockenhaus's military service and noted his medical issues and disability. (*Id*. at 207). The court also discussed Rockenhaus's "unbelievably lengthy period of [] noncompliance" and unwillingness to do what is necessary to get back into compliance, which convinced the court that Rockenhaus is unsupervisable. (*Id*. at 207–08). The court acknowledged the government's recommendation for a sentence at the top of the 5-to-11-month guideline range but stated that something at the low to middle point would be sufficient. (*Id*. at 208). It sentenced Rockenhaus to six months in custody with no further term of supervised release and recommended medical treatment, therapy, and medication. (*Id*.)

This appeal followed. (R.28: Notice of Appeal, 90–91).

## Summary of the Argument

Rockenhaus's 6-month guideline sentence is presumptively reasonable. A district court has broad discretion to consider what sentence will comply with the statutory objectives of sentencing. The court acted within its discretion in imposing a sentence at the bottom end of the guideline range after considering the nature of Rockenhaus's conduct, his history and characteristics, and his poor performance on supervised release. The sentence is substantively reasonable and should be affirmed.

# Argument

## The district court acted within its discretion in imposing a sentence within the guidelines.

A defendant's claim "that a sentence is substantively unreasonable is a claim that a sentence is too long" because the court "placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). The Court reviews such a claim for abuse of discretion, *id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)), a "highly deferential" standard that accounts for the fact that selecting an appropriate sentence "is a matter of reasoned discretion, not math[.]" *Id.*

A sentencing court has "broad discretion to determine what sentence will best serve" the statutory objectives of sentencing, "particularly in the 'discretion-filled context of supervised release.'" *United States v. Epps*, 655 F. App'x 444, 449 (6th Cir. 2016) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)). "A sentence is substantively unreasonable only if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable

amount of weight to any pertinent factor." *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018) (citation omitted). "[W]here a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013) (internal quotation marks and citation omitted).

The advisory guideline range for imprisonment in supervised release violation proceedings is based on the category of violation and the defendant's criminal history. U.S.S.G. § 7B1.4. Rockenhaus's guideline range was determined to be 5-11 months, and the district court imposed a term of 6 months, at the bottom of the range. As a within-guidelines sentence, it is presumptively reasonable. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Rockenhaus cannot rebut the presumption that his within-guideline sentence was reasonable. The district court considered the § 3553(a) factors, first by crediting the summaries provided by counsel. (R.43: Sentencing Tr., 206). It then explicitly discussed the positive aspects of Rockenhaus's character, his physical and mental health and

his disability, the "serious," "troubling," repetitive, and extended nature of his violative conduct, and his lengthy history of non-compliance. (R.41: Oct. 7 Status Conf. Tr., 160, 162; R.43: Sentencing Tr., 206–08). The court also noted that the leniency it initially contemplated was not warranted in light of Rockenhaus's unwillingness to come into compliance with the terms of his supervised release. (*Id*. at 207–08.) The court weighed the factors and determined that a sentence at the low to middle point of the guideline range was appropriate.

Rockenhaus asserts that the district court imposed the sentence arbitrarily and gave too much weight to his history of non-compliance without giving enough weight to the impact further incarceration would have on his physical and mental well-being. (Rockenhaus Br., 13, 14-15, 17). Rockenhaus claims that his physical and mental well-being were exacerbated by his arrest and detention and further at risk due to the retaliation that he was "likely experiencing" at the detention center. (*Id*. at 16). Rockenhaus argues that "at a minimum," the court abused its discretion by failing to recommend that Rockenhaus be: (1) removed from the facility that was likely to retaliate against him; and (2) placed

in a federal medical center where his needs could be addressed. (*Id.* at 18).

Rockenhaus's arguments fail, as they are based on purported facts that were not before the district court at sentencing. Rockenhaus says that the court learned at sentencing that he "was likely experiencing retaliation." (Rockenhaus Br., 16). He asserts in his brief that there were "viable claims of retaliation that he would be subjected to in custody." (*Id.* at 17). In reality, the statement about retaliation at sentencing, *i.e.*, "There may or may not be retaliation," is speculative at best. (R.43: Sentencing Tr., 196). And there were no facts on the record before the court that Rockenhaus actually was experiencing retaliation. To the extent that any potential retaliation experienced by the defendant is an appropriate sentencing consideration, the district court did not abuse its discretion by weighing it inappropriately.

There was also no indication in the record before the district court at sentencing that the federal detention center at which Rockenhaus is incarcerated was incapable of meeting or failing to meet Rockenhaus's medical needs. The district court did not abuse its discretion by failing to consider facts not in evidence.

14

Rockenhaus also faults the district court for not considering alternatives to incarceration. (Rockenhaus Br., 17). "When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, [this Court does] not further require that it exhaustively explain the obverse—*why* an alternative sentence was *not* selected—in every instance. *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (citation omitted).

The record reflects that the district court did not place unreasonable weight on any one of the sentencing factors or fail to appropriately weigh others. Rockenhaus has failed to overcome the presumption that his within-guidelines sentence is substantively reasonable.

## Conclusion

This Court should affirm Rockenhaus's sentence.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Corinne M. Lambert
Corinne M. Lambert
Special Assistant U.S. Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Dated: December 22, 2025

## Certificate of Service

I certify that on December 22, 2025, I caused this Brief for the United States to be electronically filed with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system, which will send notification of the filing to the following attorney of record:

Kaycee L. Berente, Kaycee_berente@fd.org

/s/ Corinne M. Lambert
Special Assistant U.S. Attorney

17

# Relevant District Court Documents

The United States of America designates as relevant these documents in the district court's electronic record, Eastern District of Michigan case number 23-cr-20701:

| Record No. | Document Description | Page ID Range |
|---|---|---|
| R. 01-1 | Judgment | 2–9 |
| R. 02 | Order Accepting Transfer | 10 |
| R. 03 | Violation Report | 38–42 |
| R. 12 | Petition | 57–59 |
| R. 17 | Order Revoking Bond | 65 |
| R. 23 | Motion to Withdraw | 76–80 |
| R. 25 | Order Granting Motion to Withdraw | 83–84 |
| R. 26 | Appointment Order | 85 |
| R. 28 | Notice of Appeal | 90–91 |
| R. 40 | Supervised Release Violation Hearing Tr., 05/13/2025 | 147–56 |
| R. 41 | Status Conference Tr., 10.07.2025 | 157–68 |
| R. 42 | Status Conference Tr., 10.14.2025 | 169–82 |
| R. 43 | Sentencing Tr., 10.17.2025 | 183–211 |