No. 25-1974

IN THE

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

CONRAD ROCKENHAUS,

*Defendant/Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

REPLY BRIEF OF APPELLANT ROCKENHAUS

_____

JOSEPH MEDICI
Federal Public Defender

Kaycee L. Berente
Attorney for Appellant
10 W. Broad St.
Suite 1020
Columbus OH 43215
(614) 469-2999
Kaycee_berente@fd.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... ii

    I.   MR. ROCKENHAUS' SENTENCE IS SUBSTANTIVELY

        UNREASONABLE .........................................................................1

CERTIFICATE OF COMPLIANCE.........................................................6


CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Pepper v. United States*,
 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011) ...................................2

*Rita v. United States*,
 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) ..................................3

*United States v. Silverman*,
 976 F.2d 1502 (6th Cir. 1992) (en banc) ..............................................................2

*United States v. Wilms*,
 495 F.3d 277 (6th Cir. 2007) ................................................................................3

# ARGUMENT

## I. MR. ROCKENHAUS' SENTENCE IS SUBSTANTIVELY UNREASONABLE

The government claims that Mr. Rockenhaus' arguments are "based on purported facts that were not before the district court at sentencing." (Appellee Brief, Pg. 18) However, the record belies this claim. Mr. Rockenhaus has argued that the district court did not give enough weight to the unique circumstances of his physical and mental well-being, which were well-known to the court and elaborated upon during sentencing. *See* (R.1-1, Transfer of Jurisdiction Page ID # 3, 6; R.3, Violation Report Page ID # 40-41; R.19, Public Audio File of Bond Violation Hearing Part 2 at 0:00:27; and R.43, Sentencing Page ID # 193-197, 203, 207)

The district court was informed that Mr. Rockenhaus' physical and mental disabilities were "triggered" during his arrest for the warrant issued and that his past two months in custody had not been easy. (R.43, Sentencing Page ID # 193-195) Moreover, the court was informed that Mr. Rockenhaus was in custody at a detention center with a sordid history of mistreatment towards the gay and trans communities, and that Mr. Rockenhaus was affected by this mistreatment because he "blew" the whistle on this misconduct and "blew it a number of times." (Page ID # 196) Mr. Rockenhaus' counsel admitted that he had heard of this mistreatment for "quite some time" and he would not be surprised if Mr. Rockenhaus was

1

experiencing retaliation for his whistleblowing. (*Id.*) Defense counsel specifically asked the court to consider this factor in determining an appropriate sentence for Mr. Rockenhaus. (Page ID # 197) And contrary to the government's assertion that these claims are "speculative at best," (Appellee Brief, Pg. 18), the record shows the court received a letter from an individual housed at the same detention center whose statements were made "under oath attesting to the same allegations," regarding the misconduct at the detention center. (R.43, Sentencing Page ID # 197); *See United States v. Silverman,* 976 F.2d 1502, 1512–13 (6th Cir.1992) (en banc) (during sentencing, district courts may consider reliable hearsay evidence); *see also Pepper v. United States,* 562 U.S. 476, 489, 131 S. Ct. 1229, 1240, 179 L. Ed. 2d 196 (2011) ("Both Congress and the Sentencing Commission [] expressly preserved the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come.' ") (internal citations omitted).

The government also misplaces its focus on the need for evidence of the federal detention center being "incapable of meeting or failing to meet Rockenhaus's medical needs," (Appellee Brief, Pg. 18), to establish an abuse of discretion. But the record adequately demonstrates the court's awareness of facts supporting Mr. Rockenhaus' need for medical care. Yet the court merely recommended "treatment and therapy and medication *to the extent it can be*

*accomplished in such a short time*." (R.43, Sentencing Page ID # 208) (emphasis added); *cf. Rita v. United States,* 551 U.S. 338, 360, 127 S. Ct. 2456, 2470, 168 L. Ed. 2d 203 (2007) ("His sentence explicitly takes health into account by seeking assurance that the Bureau of Prisons will provide appropriate treatment."). Thus, the court was aware of the limitations further incarceration would have on adequately addressing Mr. Rockenhaus' medical needs and it was an abuse of discretion for the court to disregard alternative options to incarceration or at least recommend an appropriate federal medical center. *See* (Appellant Brief, Pgs. 17-18)

Although the district court imposed a within-guidelines sentence, the "presumption of reasonableness" simply recognizes that the district court's "discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases…" *United States v. Wilms,* 495 F.3d 277, 281 (6th Cir. 2007). But Mr. Rockenhaus has argued that his specific circumstances do not place him in the "mine run of cases." Mr. Rockenhaus asked the district court to consider his physical and mental disabilities alongside his recent whistleblowing at the detention center as factors supporting a sentence that would allow him to return home as soon as possible. (R.43, Sentencing Page ID # 193-197) While the district court was "cognizant" of Mr. Rockenhaus' "medical and disability factors," (Page ID # 207), it's not clear the court adequately weighed

3

these factors in determining whether further incarceration was reasonable in Mr. Rockenhaus' situation. Rather, the court determined a custodial term was necessary based on his history of non-compliance. (Page ID # 207-208) As stated in the opening brief, the reliance on this factor without adequate consideration of Mr. Rockenhaus' unique circumstances was an abuse of discretion. Therefore, for the reasons stated above and in the opening brief, this Court should vacate Mr. Rockenhaus' sentence.

## CONCLUSION

For all these reasons, Mr. Rockenhaus respectfully requests that this Court vacate his sentence and remand the case for further proceedings consistent with the arguments made herein.

Respectfully Submitted,

JOSEPH MEDICI
Federal Public Defender

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant
Office of the Federal Public Defender
Southern District of Ohio
10 W. Broad St.
Suite 1020
Columbus OH 43215
(614) 469-2999
Kaycee_berente@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the above brief contain 854 words in Times New Roman (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Corinne M. Lambert

/s/ *Kaycee L. Berente*
Kaycee L. Berente
Attorney for Appellant